**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin A. Saunders,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-08-595-PHX-DGC<br><br>**ORDER** |

In a memorandum decision dated May 12, 2011, the Court of Appeals for the Ninth Circuit reversed the judgment affirming Defendant's denial of social security benefits to Plaintiff. Doc. 31-1. The Court of Appeals held that the ALJ improperly discredited Plaintiff's pain and symptom testimony and erred in determining his RFC, in part by erroneously rejecting the opinions of treating physicians in favor of a non-treating source. *Id.* at 2-9. The case has been remanded for further proceedings. *Id.* at 2, 5.

Plaintiff has filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 26. The motion is fully briefed. Docs. 28, 32. Oral argument has not been requested. For reasons stated below, the motion will be denied.

The EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States, although fee-shifting is not mandatory." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). Plaintiff is a

prevailing party because this matter has been remanded for further proceedings. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorneys' fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

To meet the "substantially justified" standard, Defendant's position need not be "justified to a high degree." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Rather, it need only be "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Id.* For reasons stated by Judge Murguia in affirming the ALJ's decision (Doc. 20), and by Judge Bea in his dissent (Doc. 31-1 at 6-9), the Court finds Defendant's position in this case, as a whole, to be substantially justified. Stated differently, although not correct, the position is such that "a reasonable person could think it correct[.]" *Pierce*, 478 U.S. at 566 n.2; *see Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008).

The Court recognizes that Defendant's "string of successes" in this case is not dispositive of the substantial justification inquiry. *Pierce*, 478 U.S. at 569. But the opinions of Judges Murguia and Bea clearly constitute objective indicia of substantial justification. *See id.*; *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1231 (9th Cir. 1990); *Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 620 (9th Cir. 2005). More importantly, the actual merits of Defendant's position presented a "genuine dispute" as to whether Plaintiff was disabled within the meaning of the Social Security Act. *Pierce*, 478 U.S. at 565.

Plaintiff notes that the ALJ's decision was not supported by substantial evidence (Doc. 32 at 2), but this does not mandate a fee award under the EAJA. In short, the Court finds Defendant's "position as a whole substantially justified, albeit not ultimately adequate to sustain the agency's decision." *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002). The Court will exercise its discretion and deny the motion for attorneys' fees.

*See Pierce*, 478 U.S. at 557-63.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 26) is **denied**.

Dated this 22nd day of July, 2011.

_____
David G. Campbell
United States District Judge