**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin A. Saunders,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-08-595-PHX-DGC<br><br>**ORDER** |

In a memorandum decision dated May 12, 2011, the Court of Appeals for the Ninth Circuit reversed the judgment affirming Defendant's denial of social security benefits to Plaintiff, finding that the ALJ improperly discredited Plaintiff's testimony and erred in determining his residual functional capacity. Doc. 31-1. The Court of Appeals remanded for further proceedings consistent with its disposition. *Id.* at 5. The parties, at the Court's direction (Doc. 34), have filed memoranda addressing how the case should proceed on remand (Docs. 36, 37).

Defendant asserts that the agency should revisit the credibility determination (Doc. 36 at 2), but presents no legal authority in support of this assertion. Because the ALJ failed to provide the requisite clear and convincing reasons for rejecting his symptom testimony, Plaintiff argues, that testimony is to be accepted as true and the case remanded for an award of benefits. Doc. 37 at 3-5. The Court agrees.

This Circuit has held that an action should be remanded for an award of benefits where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no

outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

After applying the credit-as-true rule to improperly discredited evidence, no outstanding issue remains to be resolved before determining that Plaintiff is entitled to benefits. The impartial vocational expert testified that Plaintiff's symptom testimony, if accepted, would preclude all work. Doc. 9A, Tr. 360-61. Defendant does not disagree with this conclusion. Because it is clear that the ALJ would be required to find Plaintiff disabled, the Court will remand the case for an award of benefits. *See Benecke v Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

**IT IS ORDERED:**

1. The case is remanded to Defendant for an award of benefits.

2. The Clerk is directed to terminate this action.

Dated this 25th day of August, 2011.

_____
David G. Campbell
United States District Judge