**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin A. Saunders,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV08-0595-PHX-DGC<br><br>**ORDER** |

    In a memorandum decision dated May 12, 2011, the Court of Appeals for the Ninth Circuit reversed the judgment affirming Defendant's denial of social security benefits to Plaintiff, finding that the ALJ improperly discredited Plaintiff's pain and symptom testimony and erred in determining his residual functional capacity. Doc. 31-1. The Ninth Circuit remanded for further proceedings consistent with its disposition. *Id.* at 5. The Court directed the parties to file supplemental memoranda addressing how the case should proceed on remand. Doc. 34. After considering the parties' submissions, the Court applied the credit-as-true rule to the improperly discredited evidence and remanded the case for an award of benefits. Doc. 38.

    Defendants have now filed a motion to alter the judgment or, in the alternative, for relief from the judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, and to suspend operation of the judgment. Doc. 40. The motion has been fully briefed. Docs. 40, 42, 43. Neither party has requested oral argument. For reasons

that follow, the Court will deny the motion.

Defendant claims for the first time that, by remanding the case for an award of benefits, the Court exceeded the Ninth Circuit's mandate. Doc. 40, at 8. This claim turns on the interpretation of the Ninth Circuit's mandate: "[w]e therefore remand for further proceedings consistent with this disposition." Doc. 31-1, at 5. Defendant reads the mandate as an implicit denial of Plaintiff's request to credit as true his testimony and remand for payment of benefits. Doc. 40, at 6. In doing so, Defendant cites *Firth v. United States*, 554 F.2d 990, 993-94 (9th Cir. 1977), holding that an appellate court's mandate "is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on remand." Plaintiff reads the mandate as leaving discretion to the Court to determine how the matter should proceed on remand. Doc. 42, at 3.

Defendant argues that the only proceeding the Court could conduct following the Ninth Circuit's mandate was to remand the case to the administrative law judge (ALJ) for further proceedings. The Court does not agree. The Ninth Circuit declined to address whether to send the case back to the ALJ for an award of benefits, but this did not preclude the Court from doing so. The only determination that Judge Murguia made in her initial review of Plaintiff's appeal was that the ALJ gave clear and convincing reasons for questioning Plaintiff's credibility, and on this basis she affirmed the denial of Social Security benefits. Doc. 20, at 16-17. The Ninth Circuit did not have available for review a decision from the Court that addressed the application of the credit-as-true rule in the event that the ALJ's reasons were legally insufficient. Accordingly, when the Ninth Circuit reversed the Court's decision, it sent the case back to the Court for further proceedings.

The parties do not dispute that, if the Court had determined in the first instance that the ALJ erred in denying benefits, it would have discretion under 42 U.S.C. § 405(g) to remand the case to the ALJ with or without a rehearing. Docs. 42, at 3; 43, at 4, n.2. The Court is not persuaded that it lost this discretion because the Ninth Circuit

1 determined that the ALJ erred and remanded to the Court for further proceedings, nor
2 does Defendant cite any legal authority to this effect.

3 The Court was required to determine how to proceed given the Ninth Circuit's conclusion that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's testimony. The Ninth Circuit has held that an action should be remanded for an award of benefits where the ALJ has failed to provide legally sufficient reasons for rejecting a claimant's testimony, no outstanding issue remains to be resolved before a proper disability determination can be made, and it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's testimony were credited as true. *See Varney v. Sec'y of HHS*, 859 F.2d 1396, 1399-1401 (9th Cir. 1988). The Court applied the credit-as-true rule to the improperly discredited evidence and found that no outstanding issue remained to be resolved before making a disability determination. Doc. 38, at 2. As the Court noted in its August 25, 2011 order, Defendant does not disagree with the impartial vocational expert's testimony that Plaintiff's symptom testimony, if accepted, would preclude all work. Doc. 9A, Tr. 360-61. Because it was clear that the ALJ would be required to find Plaintiff disabled, the Court remanded the case for an award of benefits. Doc. 38.

The Court's action complies with the Ninth Circuit's mandate for "further proceedings consistent with [the] disposition." Doc. 31-1, at 5. This Circuit has unequivocally adopted the credit-as-true rule – that if the ALJ "fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true." *Varney*, 859 F.2d at 1398 (citation omitted); *see also Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004); *Orne v. Astrue*, 495 F.3d 625 (9th Cir. 2007). To the extent that Defendant seeks a remand for further proceedings in order to allow the ALJ a second opportunity to justify discounting Plaintiff's testimony (*see, e.g.*, Doc. 36, at 2), the Court finds that this purpose would contravene the credit-as-true rule. *See Varney*, 859 F.2d at 1399 (holding that "it is both reasonable and desirable to require the ALJ to articulate [grounds for discounting a claimant's testimony] in the

original decision").

**IT IS ORDERED** that Defendant's motion (Doc. 40) is **denied**.

Dated this 1st day of November, 2011.

_David G. Campbell_
United States District Judge