1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Marvin A. Saunders,                    No. CV08-0595-PHX-DGC

10                    Plaintiff,            **ORDER**

11   v.

12   Michael Astrue, Commissioner of the
     Social Security Administration,

13                    Defendant.

14

15          Plaintiff's attorney has filed a motion for an award of attorneys' fees pursuant to

16   42 U.S.C. § 406(b).  Doc. 49.  The motion is fully briefed.  Docs. 49, 50, 51.  The Court

17   will grant the motion.

18   **I.     Background.**

19          On March 27, 2008, Plaintiff filed a request for judicial review of Defendant's

20   finding that Plaintiff was not disabled under the Social Security Act and was not entitled

21   to Disability Insurance Benefits.  Doc. 1.  On September 16, 2009, the Court affirmed

22   Defendant's decision.  Doc. 20.  Plaintiff appealed to the Ninth Circuit, and on May 12,

23   2011, the Ninth Circuit remanded the matter to this Court for further proceedings.

24   Doc. 31-1.  On August 25, 2011, the Court remanded the matter to Defendant for an

25   award of benefits.  Doc. 38.

26   **II.    Legal Standard.**

27          Under  42  U.S.C. § 406(b)(1)(A),  "[w]henever  a  court  renders  a  judgment

28

favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits[.]"   Although Section 406(b) "does not displace contingent-fee agreements" that fall within the twenty-five percent statutory maximum, the Court does "review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  In determining whether the fee sought is "reasonable for the services rendered[,]" *id.* at 807, the Court may consider the character of the representation, the results achieved, performance, delay, and whether the benefits were proportionate to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).  A reduction in fees may be warranted if the "benefits are large in comparison to the amount of time counsel spent on the case[,]" or the attorney "is responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808.

**III.   Discussion.**

Plaintiff retained counsel under a contingency fee agreement providing for payment to counsel of twenty-five percent of the past due benefits awarded to Plaintiff. Doc. 49-1, at 2-3.   Plaintiff's counsel requests a § 406(b) award in the amount of $29,843.25.  Doc. 49, at 6.  Counsel performed 106.50 hours of work on Plaintiff's claim before the District Court and the Ninth Circuit, which results in an effective hourly rate of $281.00.  *Id.* at 8-9.  This rate is not presumptively unreasonable; indeed, courts have found much higher hourly rates to be reasonable.  *See, e.g.*, *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding a $600 hourly rate).  In light of the contingency fee agreement, and accounting for the risk inherent in contingency fee arrangements, the proportionality of the award, and counsel's successful representation of Plaintiff, the Court finds the amount sought is reasonable.

Defendant's only argument in response is that it "is unable to reconcile [Plaintiff's counsel's] fee requests with the information that [he] provided."  Doc. 50, at 2.  During a

telephone call between the parties' counsel, Defendant's attorney objected that the notice of award prepared by Defendant did not set forth the total amount of back pay or the amount of 25% of the back pay.  Doc. 51-1, at 3.  When Plaintiff's counsel explained that the fee amount could be calculated from information contain in the notice, Defendant's attorney explained that he does not do the math for Defendant.  *Id.*  The Court finds that the notice of award (Doc. 49-1, at 5-6) contains enough information to determine the amount of the award and the amount of fees due under this motion.  Plaintiff's counsel has accurately calculated the amount of back pay resulting from the award.  Doc. 51, at 2.

The Court will award Plaintiff $29,843.25 under § 406(b).  Plaintiff's counsel has submitted a separate § 406(a) fee petition for representing Plaintiff at the administrative stages of his claim.  Because the fee agreement limits fees to a maximum of 25% of all past due benefits, Plaintiff's counsel shall refund any excess to Plaintiff.  *See* Doc. 49, at 10.

**IT IS ORDERED** that Plaintiff's attorney's motion for an award of attorneys' fees under 42 U.S.C. § 406(b) (Doc. 49) is **granted** in the amount of **$29,843.25**.

Dated this 1st day of May, 2012.

David G. Campbell
United States District Judge

- 3 -